**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NAJEEBULLAH EMAN, | |
| Petitioner, | Case No. 2:26-cv-02799 (BRM) |
| v. | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Najeebullah Eman's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents filed an Opposition (ECF No. 6), and Petitioner replied (ECF No. 7). Pursuant to Text Orders from the Court, Respondents provided supplemental briefing (ECF Nos. 9, 14), and Petitioner replied (ECF Nos. 10, 15). Also before the Court is Petitioner's Motion to Expedite. (ECF No. 11.) Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause appearing, Petitioner's § 2241 Petition is **GRANTED**, and Petitioner's Motion to Expedite is **DISMISSED** as moot.

**I.    BACKGROUND**

Petitioner, a citizen of Afghanistan, is subject to a final order of removal.[1] (*See generally* ECF No. 9.) Petitioner entered the United States without entry documents and was scheduled to

---

[1] On April 15, 2026, Respondents submitted an answer to the Petition arguing Petitioner was lawfully detained under 8 U.S.C. § 1225(b)(1). (*See* ECF No. 6.) On April 29, 2026, the Court issued a Text Order finding "[a]s of the January 23, 2025, [Immigration Judge ('IJ')] Order,

appear at his CBP One appointment on December 17, 2024. (ECF No. 6-1 at 3.) Petitioner was referred for a secondary screening after verifying he did not have valid documents to enter or reside in the country. (*Id.*) During his interview, photographs of a "Diplomatic Security Service Anti-Terrorism Program Certificate in someone else's name" were discovered on Petitioner's mobile phone. (*Id.*) After further research, Petitioner was selected "for placement and detention due to National Security Concerns," being from a "Special Interest Country (Afghanistan)." (*Id.*)

On December 18, 2024, Petitioner was issued a Notice and Order of Expedited Removal charging him with removability under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (ECF No. 6-2.) Petitioner expressed fear of returning to his country and was referred for a credible fear interview. (ECF No. 9 at 1.) On January 15, 2025, an asylum officer found Petitioner did not have a credible fear of persecution of torture. (*Id.* at 2; ECF No. 6-3.) Petitioner requested review, and on January 23, 2025, an immigration judge ("IJ") affirmed the negative credible fear determination and referred Petitioner to Immigration and Customs Enforcement ("ICE") for removal. (*Id.*; ECF No. 6-5.) The January 23, 2025, IJ Order indicates "[t]his is a final order. There is no appeal from this decision." (ECF No. 6-5 at 4.) As of the January 23, 2025 IJ Order, Petitioner's order of removal has been administratively final. Petitioner has been detained since December 17, 2024.

On March 18, 2026, Petitioner filed the Petition challenging his prolonged detention. (ECF No. 1.) Respondents filed an answer. (ECF No. 6), and Petitioner replied (ECF No. 7). Following an order from the Court (ECF No. 8), Respondents submitted supplemental briefing (ECF No. 9), and Petitioner replied (ECF No. 10). The Court issued a second order for additional briefing. (ECF

---

Petitioner's order of removal has been administratively final. Petitioner is now detained pursuant to a final order of removal, and thus, his detention is governed by the post-removal statute, 8 U.S.C. § 1231(a)." (ECF No. 8.)

No. 12.) Respondents filed a letter response (ECF No. 14), and Petitioner replied (ECF No. 15). This matter is ripe for consideration.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   DECISION

In his Petition, Petitioner challenges his ongoing post-final order of removal detention pursuant to 8 U.S.C. § 1231, arguing his detention has become prolonged, and his removal is not likely in the reasonably foreseeable future. (*See generally* ECF No. 1.)

Section 1231(a)(1)(A) states, "when a[] [noncitizen] is ordered to be removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." If the noncitizen is not removed after the 90-day period expires, he "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute. 8 U.S.C. §§ 1231(a)(1), (6). Once the 90-day removal period of § 1231(a) has passed, and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released. *Zadvydas*, 533 U.S. at 699. "[I]ndefinite, perhaps permanent,

3

detention" is not authorized. *Id.* To the contrary, the United States Supreme Court has found that interpreting the statute to allow for indefinite detention would raise "a serious constitutional threat." *Id.*

Therefore, in *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* at 689. The Court found a post-removal order detention period of six-months was "presumptively reasonable"; however, beyond those six months, if removal no longer is reasonably foreseeable, continued detention becomes unauthorized. *Id.* at 701.

"After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Therefore, a noncitizen is not necessarily entitled to release at the conclusion of six months of post-removal order detention. Instead, DHS may continue detention until no significant likelihood of removal in the reasonably foreseeable future exists. *Id.* But "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner argues his removal is not likely in the reasonably foreseeable future. (*See generally* ECF Nos. 1, 10.) Petitioner contends he is a "citizen and national of Afghanistan, a country with which the United States does not maintain diplomatic relations and that is unable to accept [Petitioner] due to ongoing civil strife, armed conflict, and humanitarian catastrophe inside the country." (ECF No. 1 at 2.) Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. As such, "the Government must respond with evidence sufficient to rebut that showing." *Id.*

Respondents argue Petitioner's removal is likely in the foreseeable future. (*See generally* ECF No. 9.) Respondents submit ICE has possession of a valid passport for Petitioner, which is valid until February 16, 2027. (ECF No. 9 at 5 (citing ECF No. 9-1 ¶ 6).) According to Respondents, Enforcement and Removal Operations ("ERO"), Newark Field Office sent a transportation request for Petitioner's removal to Afghanistan on September 10, 2025. (*Id.* (citing ECF No. 9-1 ¶ 7).) In November 2025 and December 2025, ERO Newark followed up with ERO Headquarters about the transportation request for removal to Afghanistan. (*Id.* (citing ECF No. 9-1 ¶ 8).) In December 2025, ERO Headquarters was notified of Petitioner's inquiry about removal to a third country, and ERO Newark contacted ERO Headquarters about third country removal to Brazil as Petitioner possessed a Brazilian tourist visa in his passport. (*Id.* (citing ECF No. 9-1 ¶ 9).) Respondents submit that in January 2026, ERO Newark followed up with ERO Headquarters about the transportation request for removal to Afghanistan. (*Id.* (citing ECF No. 9-1 ¶ 10).) Finally, Respondents claim in February 2026, ERO Headquarters was notified of Petitioner's request for third country removal to Uganda and ERO Newark followed up with ERO Headquarters about the transportation request for removal to Afghanistan and third country removal. (*Id.* (citing ECF No. 9-1 ¶ 11).) Respondents argue "based on this information . . . Petitioner's removal is significantly likely in the reasonably foreseeable future." (*Id.*)

Respondents position is unconvincing. Although Respondents have a passport for Petitioner, they have not effectuated his removal based on that passport for the past seventeen months and Respondents acknowledge that the United States currently does not maintain diplomatic relations with Afghanistan. Additionally, Respondents submit that in September 2025, correspondence for a "transportation request for removal to Afghanistan was sent to the appropriate channels," and ERO Newark followed up on that request in November 2025, December 2025,

January 2026, February 2026, and May 2026 to no avail. Respondents also acknowledge that both Brazil and Mexico have declined to accept Petitioner for third country removal.[2]

Based on the foregoing, Respondents have failed to meet their burden of rebutting Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, as the Government has not provided the Court with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. As such, Petitioner is entitled to release under an order of supervision, and the Petition shall be granted.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**, and Respondents shall **RELEASE** Petitioner from custody under appropriate release conditions. The Court also finds it appropriate to **PROHIBIT** Respondents from re-detaining Petitioner unless there is a significant likelihood of his removal in the reasonably foreseeable future. Additionally, Petitioner's Motion to Expedite (ECF No. 11) is **DISMISSED** as moot. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: June 24, 2026

---

[2] The Court acknowledges Respondents submit that a photograph of a "Diplomatic Security Service Anti-Terrorism Program Certificate in someone else's name" was discovered on Petitioner's mobile phone when he arrived for his scheduled CBP One appointment. (ECF No. 9 at 1.) Respondents submit Petitioner was then selected "for placement and detention due to National Security Concerns," being from a "Special Interest Country (Afghanistan)." (*Id.*) However, aside from acknowledging the existence of this photograph, Respondents offer no argument regarding this photograph or how it should affect this Court's analysis of Petitioner's Petition. There is no allegation presented that Petitioner has been charged with any crimes that would require his mandatory detention. Respondents fail to present any argument this photograph would allow ICE to detain Petitioner indefinitely or that it effects the likelihood of his removal in the reasonably foreseeable future.